IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:94-CR-15-BO
No. 2:10-CV-46-BO

| | |
|---|---|
| RODERICK BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | O R D E R |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [DE-497] pursuant to 28 U.S.C. § 2255. The Respondent, United States of America, has filed a Motion to Dismiss [DE-499] Petitioner's motion for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Petitioner's motion is DENIED and the Respondent's motion is GRANTED.

BACKGROUND

On September 2, 1994, a jury convicted Petitioner of 14 counts of Federal narcotics and firearms offenses [DE-247]. This Court sentenced Petitioner to life imprisonment on December 8, 1994 [DE-249]. Petitioner filed an appeal with the Fourth Circuit Court of Appeals, [DE-254], and that Court subsequently affirmed the Judgment of this Court [DE-299]. Petitioner then filed a motion pursuant to 28 U.S.C. § 2255 [DE-368], which this Court dismissed on March 15, 2001 [DE-375].

On February 21, 2008, Chief Judge Flanagan issued Standing Order 08-SO-1[DE-499-1] ("Standing Order"). Pursuant to the Standing Order, the Federal Public Defender was appointed

as counsel for Petitioner "to determine whether [Petitioner] may qualify to seek reduction of sentence . . . in accordance with revised base offense levels for crack cocaine." (Standing Order, p. 1).

On August 14, 2009, the Public Defender moved to withdraw as counsel after conducting "a thorough review of Mr. Black's case file" and determining that it would not "present any motions before the court." [DE-470]. This Court granted the motion to withdraw on August 25, 2009 [DE-471]. Petitioner filed a *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582, [DE-472] on August 27, 2009. This Court held a hearing to consider Petitioner's motion [DE-481] and issued an order denying the motion on December 17, 2009 [DE-482]. Petitioner subsequently unsuccessfully appealed this issue to the Fourth Circuit Court of Appeals [DE-483, 490].

After the Fourth Circuit rejected his appeal, Petitioner filed the instant motion on September 7, 2010 [DE-492, 497]. Petitioner alleges two grounds for relief in the instant motion. First, he asserts that, even though "counsel of the record was inf[or]med that [Petitioner] wanted him to file a Notice of Appeal" following this Court's denial of his § 3582 motion, counsel "failed to acknowledge receipt of [Petitioner's] correspondence nor did counsel file a Notice of Appeal[.]" [DE-497 at 4]. Second, he claims that "counsel deliberately represented other clients['] cases as priority over petitioner's case." [DE-497 at 5].

## DISCUSSION

Plaintiff contends that he is entitled to relief pursuant to § 2255 in light of the ineffective representation of the Federal Public Defender as appointed counsel. The Court notes at the outset that there is no constitutional right to counsel in a proceeding brought pursuant to § 3582.

2

*United States v. Taylor*, 414 F.3d 528, 537 (4th Cir. 2005) (citing *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000)) (internal quotation marks omitted).

Even assuming, for the sake of argument, that Petitioner should have had counsel and assuming that counsel should have filed a notice of appeal for him, Petitioner cannot show the required prejudice to sustain an ineffective assistance claim. In order to obtain a remedy based on ineffective assistance of counsel, a petitioner must satisfy the two-pronged requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

First, Petitioner must show "'that counsel's performance fell below an objective standard of reasonableness.'" *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 687). "Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must avoid the biases of hindsight." *Id.* (Internal quotation marks and citation omitted); *see also United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (noting that courts apply a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'") (quoting *Strickland*, 466 U.S. at 689).

Second, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner cannot meet the *Strickland* standard for an ineffective assistance of counsel claim. Petitioner contends that his appointed attorney was ineffective by failing to acknowledge Petitioner's correspondence and by failing to file a notice of appeal on behalf of petitioner. However, Petitioner filed a notice of appeal [DE-483] and a substantive brief on a *pro se* basis. Petitioner therefore had an opportunity to present his arguments before this Court and before the

Fourth Circuit. Petitioner's ineffective assistance claim therefore fails on the second prong of *Strickland*, because Petitioner was given a full and fair opportunity to present his claims to this Court and to the Court of Appeals; Petitioner cannot, therefore, establish that his § 3582 proceeding would have resulted in a different outcome.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.

4

2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, Petitioner's motion is DENIED and the Respondent's motion is GRANTED.

SO ORDERED.

This, the 21 day of November, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5