IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:94-CR-15-BO-9
NO. 2:14-CV-35-BO

| | |
|---|---|
| RODERICK BLACK, )<br>       Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>       Respondent. ) | ORDER |

This cause comes before the court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss petitioner's § 2255 as, *inter alia*, second or successive. The time for petitioner to reply has elapsed, though petitioner has not submitted a reply brief. The government's motion is GRANTED.

## BACKGROUND

Petitioner, Mr. Black, was sentenced by this court to a term of life imprisonment on December 8, 1994, following his conviction at trial. Mr. Black filed a direct appeal, and the Fourth Circuit Court of Appeals affirmed Mr. Black's conviction and sentence on October 15, 2006. Mr. Black then filed his first § 2255 motion on January 8, 2001, which was dismissed by as untimely by order entered March 15, 2001. The court of appeals affirmed the dismissal by opinion entered September 24, 2001, and Mr. Black's petition for rehearing was denied.

In 2009, the Federal Public Defender entered an appearance pursuant to Standing Order 08-SO-1 in order to determine whether Mr. Black might be eligible for a sentence reduction based upon revised crack cocaine guidelines. This Court granted the Public Defender's motion to withdraw on August 14, 2009, after it represented that it had reviewed Mr. Black's case and

would not present any motions. Petitioner then filed a *pro* se motion under 18 U.S.C. § 3582(c), which this Court denied. After the Fourth Circuit rejected Mr. Black's appeal, he filed a second § 2255, arguing that the Public Defender was ineffective in its representation on the revised guidelines issue. This Court determined that Mr. Black could not meet the standard for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984) and granted the government's motion to dismiss. Mr. Black did not appeal.

Mr. Black filed a third motion to vacate on June 13, 2014, challenging his original sentence of life imprisonment pursuant to the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The government filed a motion to dismiss.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider such a petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

The instant motion attacks the same conviction and sentence as was challenged by Mr. Black's first motion to vacate, and that motion was dismissed on the merits, *see In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006); *Bottone v. United States*, 350 F.3d 59, 63 (2nd Cir. 2003) (petition dismissed as untimely has been decided on the merits). Therefore, the instant motion to

2

Case 2:94-cr-00015-BO   Document 545   Filed 09/17/14   Page 2 of 3

vacate is second or successive and the Court is without jurisdiction to consider it in the absence of pre-filing authorization from the Fourth Circuit Court of Appeals.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## **CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss [DE 541] is GRANTED and petitioner's motion to vacate [DE 537] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED.

This the 17 day of September, 2014.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE