IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:94-CR-15-BO-9
NO. 2:14-CV-35-BO

RODERICK BLACK,  )
    Petitioner,  )
  )
v.  )    ORDER
  )
UNITED STATES OF AMERICA,  )
  )
    Respondent.  )

This matter comes before the Court on petitioner's motion to dismiss his pending motion under Federal Rule of Civil Procedure 60(b) [DE 533] and motion to reconsider this Court's order denying petitioner's motion under 18 U.S.C. § 3582(c)(2) [DE 547]. For the following reasons, petitioner's motion to dismiss is GRANTED and motion to reconsider is DENIED.

## BACKGROUND

Petitioner was convicted at trial on September 2, 1994, of multiple counts of drug trafficking involving, *inter alia*, crack cocaine (crack). On December 8, 1994, Mr. Black was sentenced to life imprisonment. His sentencing guideline range was based on an offense level of 43 and a criminal history category of I. He filed many post-conviction motions, the most relevant of which will be recounted here.

On November 29, 2011, Mr. Black filed a *pro se* motion in which he requested that this Court modify his sentence pursuant to "Amendment 750." [DE 507]. On April 21, 2014, Mr. Black filed another motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), requesting relief under "Amendment 706," and the "all drugs minus two" amendment set to go into effect on November 1, 2014. [DE 520]. On July 11, 2014, after a hearing, this Court denied

petitioner's motions because the amount of crack attributed to Mr. Black was greater than 8.4 kilograms, which resulted in no change in Mr. Black's guideline range. [DE 540].

Petitioner subsequently filed an addendum to his motion for reduction of sentence on September 3, 2014, [DE 544] and then filed the instant motion to reconsider on September 19, 2014 [DE 547], urging the Court to grant him relief under Amendment 782, or the "all drugs minus two" amendment set to go into effect on November 1, 2014.

## DISCUSSION

### I. MOTION TO DISMISS

On August 23, 2013, petitioner filed a motion to reduce his sentence pursuant to Federal Rule of Civil Procedure 60(b). [DE 517]. On June 20, 2014, petitioner filed a motion to dismiss his pending Rule 60(b). [DE 533]. For good cause shown, petitioner's motion is hereby GRANTED and the pending motion under Rule 60(b) [DE 531] is hereby DISMISSED.

### II. MOTION FOR RECONSIDERATION

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b). Section 3582(c)(2) establishes an exception to the general rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive pursuant to § 994(u). *Dillon*, 560 U.S. at 824 (quoting § 3582(c)(2)). "In such cases, Congress has authorized courts to reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Dillon*, 560 U.S. at 824–25.

2

This Court is limited in resentencing under section 3582 in that the applicable policy statement, U.S.S.G. § 1B1.10, limits relief to the amendments listed in subsection c of the same.

On November 1, 2008, the Sentencing Commission issued Amendment 706, which revised the crack guideline to reduce the base offense levels for each quantity of cocaine by two levels. On August 3, 2010, Congress enacted the Fair Sentencing Act (FSA). Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 (2010). The FSA reduced the statutory penalties for certain crack cocaine offenses. In order to make the Sentencing Guidelines consistent with the FSA, the Sentencing Commission issued Amendment 750, which revised the crack offense guideline to reflect the changes made by the FSA. U.S.S.G. App. C., Amdt. 750, Reason for Amendment (effective Nov. 1, 2011).

Because petitioner's conspiracy involved more than 8.5 kilograms of crack, his base offense level remains the same as it did before both Amendment 706 and Amendment 750 took effect. Accordingly, Mr. Black is not entitled to a reduction in his guideline range under either amendment, and he is not entitled to a reduction in his sentence because to do so would not be consistent with the applicable policy statement. The Court cannot simply decide to credit Mr. Black with a lower amount of crack.

Amendment 782 is set to take effect on November 1, 2014. As it is not currently the applicable policy statement, the Court similarly is without authority to apply Amendment 782 and lower Mr. Black's sentence.

In sum, petitioner is not entitled to relief and his motion for reconsideration is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to dismiss the pending motion under Rule 60(b) [DE 533] is GRANTED, the pending motion under Rule 60(b) [DE 517] is hereby DISMISSED, and petitioner's motion for reconsideration [DE 547] is DENIED.

SO ORDERED, this __15__ day of October, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE