IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:94-CR-15-BO-9
NO. 2:14-CV-35-BO

| | |
|---|---|
| RODERICK BLACK, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | **ORDER** |

This matter comes before the Court on petitioner's motion to correct a clerical error pursuant to Federal Rule of Criminal Procedure 36. [DE 549]. The matter is ripe for ruling, and for the following reasons, petitioner's motion is denied.

## BACKGROUND

Petitioner Roderick Black was convicted at trial on September 2, 1994, of multiple counts of drug trafficking involving, *inter alia*, crack cocaine (crack). On December 8, 1994, Mr. Black was sentenced to life imprisonment. At sentencing, the Court found that Mr. Black was responsible for 49.4 kilograms of cocaine base and 16.62 kilograms of cocaine. [DE 472–2]. Combined with enhancements not relevant to petitioner's instant motion, this drug weight resulted in an offense level of 43 and a criminal history category of I, for a recommended sentencing range of life. [*Id.*]. Mr. Black has filed numerous post-conviction motions, including three motions to vacate his conviction and/or sentence pursuant to 28 U.S.C. § 2255. Each of these § 2255 motions was dismissed, respectively, on March 15, 2001 [DE 375], November 22, 2010 [DE 502], and September 17, 2014 [DE 545].

On November 29, 2011, Mr. Black filed the instant motion in which he requests that the Court correct a clerical error in his presentence report pursuant to Rule 36. Mr. Black argues that

the Court relied on an erroneous calculation in the pre-sentence report in holding him responsible for 39.4 kilograms of cocaine base, rather than 21.88 kilograms of cocaine base and 17.63 kilograms of powder cocaine.

## DISCUSSION

Rule 36 of the Federal Rules of Criminal Procedure provides that a court may "correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission" after giving notice. "Courts employ Rule 36 to correct errors that are clerical, rather than legal, in nature." *United States v. Postell*, 412 F. App'x 568, 569 (4th Cir. 2011) (citing *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009). "Rule 36 is limited to errors that are clerical in nature, typically where the written sentence differs from the oral pronouncement of the sentence, not judicial mistakes." *Johnson*, 571 F.3d at 718. As was the case in *Johnson*, here nothing in the record indicates that the pronounced drug quantities were "added to the overall sentencing calculation without the district court's knowledge or approval." *Id.* In fact, it is clear from the sentencing transcript that the district court distinctly made the drug quantity findings itself. As such, Rule 36 does not apply.

As the government points out, the relief Mr. Black is ultimately seeking is to alter the drug amount found by the Court at sentencing. This relief can be sought only through a motion to correct sentence pursuant to 28 U.S.C. § 2255. Mr. Black previously has filed three unsuccessful motions under § 2255, thus he must obtain permission from the Fourth Circuit Court of Appeals prior to proceeding under § 2255. 28 U.S.C. § 2255(h). Accordingly, petitioner's motion to correct a clerical error under Rule 36 is denied.

2

## CONCLUSION

For the foregoing reasons, petitioner's motion to correct a clerical error [DE 549] is DENIED.

SO ORDERED, this 19 day of October, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE