IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
NO. 2:94-CR-15-BO-9
NO. 2:14-CV-35-BO
NO. 2:17-CV-55-BO

| | |
|---|---|
| RODERICK BLACK,<br>   Petitioner, | )<br>)<br>) |
| v. | )   O R D E R |
| UNITED STATES OF AMERICA,<br>   Respondent. | )<br>)<br>)<br>) |

This cause comes before the Court on petitioner's motion under Federal Rule of Civil Procedure 60(b) [DE 607] and motions under 18 U.S.C. § 3582(c). [DE 591, 593]. The government has responded, and the matters are ripe for ruling. For the following reasons, petitioner's motions are denied.

## BACKGROUND

On September 2, 1884, a jury convicted petitioner of fourteen counts of narcotics and firearms offenses. [DE 247]. Petitioner was sentenced to life imprisonment on counts 1, 2, 7, 21, 28, 32-35, 38-40 and 41, and 60 months, consecutive, on count 3, on December 8, 1994. [DE 249]. The Fourth Circuit affirmed the judgment [DE 299], and petitioner's motion pursuant to 28 U.S.C. § 2255 was dismissed on March 15, 2001. [DE 375]. Petitioner's second motion under § 2255 was dismissed on November 22, 2010 [DE 502]. On August 16, 2016, in accordance with 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and U.S.S.G. Amendment 782, petitioner's sentence on counts 1, 2, 7, 21, 28, 32-35, 38-40 and 41 was reduced from life to 360 months. [DE 584]. His 60-month sentence on count 3 remained consecutive to the other counts.

## DISCUSSION

Petitioner filed the instant motions seeking two avenues of relief. First, he alleges that his conviction and sentence should be vacated since his prosecutor was not licensed to practice law in North Carolina. Second, he asks that his sentence be reduced pursuant to 18 U.S.C. § 3582(c).

First, petitioner's motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure must be dismissed for lack of jurisdiction. The relief petitioner seeks is that which would be obtained by a successful § 2255 motion to vacate. This Court lacks jurisdiction to hear second or successive § 225 motions without authorization from the Fourth Circuit. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). Petitioner has already had a § 2255 motion resolved by this Court, and he has not demonstrated that this motion is not successive, or that the Fourth Circuit has granted him pre-filing authorization.

Second, petitioner has argued he has two grounds for relief under 18 U.S.C. § 3582(c). Both grounds fail. Petitioner's motion for a reduction pursuant to Amendment 782 is dismissed because in 2016 petitioner received a reduction pursuant to Amendment 782. Petitioner's second argument is a factual challenge to the amount of drugs attributed to him at time of sentencing. That type of challenge is not cognizable under § 3582(c).

## CONCLUSION

For the foregoing reasons, petitioner's motions [DE 591, 593, 607] are DENIED.

SO ORDERED, this __22__ day of August, 2018.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE