IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 2:94-CR-15-FL-9

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RODERICK BLACK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions for reduction of sentence pursuant to the First Step Act of 2018 (DE 626, 631, 651, 662), for compassionate release (DE 659), and pro se "independent action motion" to vacate his criminal judgment (DE 645). The government responded in opposition to the motions for sentence reduction and compassionate release, and did not respond to the motion to vacate judgment. In this posture, the issues raised are ripe for ruling. For the reasons stated below, the court grants the motion for reduction of sentence, denies as moot the motion for compassionate release, and dismisses without prejudice the motion to vacate.

**BACKGROUND**

By way of indictment filed February 16, 1994, defendant was charged with numerous offenses related to his participation in a conspiracy to distribute cocaine and cocaine base. On September 2, 1994, a jury found defendant guilty of the following offenses:

1)    conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 846 (count 1);

2)    continuing criminal enterprise, in violation of 21 U.S.C. § 848(a) (count 2);

3)      using and carrying a firearm during and in relation to a drug trafficking offense, in

        violation of 18 U.S.C. § 924(c) (count 3);

4)      possession with intent to distribute cocaine base, in violation of 21 U.S.C.

        § 841(a)(1) (count 7);

5)      distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (counts 21 and

        28);

6)      possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1)

        (counts 32-35, 38-40); and

7)      distributing in excess of 500 grams of cocaine, in violation 21 U.S.C. § 841(a)(1)

        (count 41).

The court held defendant's sentencing hearing on December 8, 1994.  The mandatory

Guidelines range was life imprisonment based on defendant's distribution of over 21 kilograms of

cocaine base, 17 kilograms of cocaine, enhancement for obstruction of justice, and criminal history

category I.   The court sentenced defendant to life imprisonment on counts 1, 2, and 7; 480 months'

imprisonment, concurrent, on counts 21, 28, 32 through 35, 38 through 41; and 60 months'

imprisonment, consecutive, on count 3.

On January 8, 2001, petitioner filed motion to vacate, set aside, or correct sentence pursuant

to 28 U.S.C. § 2255.   The court granted the government's motion to dismiss the § 2255 motion

on March 13, 2001, finding that petitioner's claims were barred by the applicable statute of

limitations.

On April 27, 2016, defendant moved for sentence reduction pursuant Amendment 782 to

the Guidelines, which retroactively reduced the base offense levels for offenses involving cocaine

base.  The court granted the motion on August 16, 2016, and reduced defendant's custodial

2

sentence to 360 months' imprisonment, concurrent, on each of counts 1, 2, 7, 21, 28, 32 through 35, and 38 through 41, and a consecutive term of 60 months' imprisonment on count 3, producing an aggregate custodial sentence of 420 months' imprisonment.

Defendant filed the instant pro se motions to reduce sentence pursuant to the First Step Act on March 21, 2019, and April 8, 2019, respectively   Defendant filed the instant independent action motion to vacate judgment on August 19, 2019, arguing that his judgment of conviction should be vacated because the government's counsel was not licensed to practice law in North Carolina at the time of his trial.   Defendant filed renewed pro se motion to reduce sentence pursuant to the First Step Act on December 23, 2019.   Proceeding with counsel, defendant filed the instant motions for sentence reduction pursuant to the First Step Act and compassionate release on September 18, 2020.   The government responded in opposition to defendant's counseled motions for sentence reduction and compassionate release but did not respond to the remaining pro se motions.

## COURT'S DISCUSSION

The court begins with defendant's "independent action motion" seeking to vacate his judgment of conviction.   As noted above, defendant argues his judgment should be vacated because the government's counsel was not licensed to practice law in North Carolina at the time of his prosecution.

Where defendant previously filed a motion to vacate his judgment pursuant to 28 U.S.C. § 2255 that was denied on the merits, the instant motion must be recharacterized as a successive motion to vacate his sentence under 28 U.S.C. § 2255.   See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003); (Mar. 13, 2001, order (DE 375)).   Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive [§ 2255] application . . . is filed in the district

3

court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also 28 U.S.C. § 2255(h) (stating that § 2244(b)(3)(A) applies to second or successive § 2255 motions). And in the absence of such authorization, the court lacks jurisdiction to consider the instant motion. See Winestock, 340 F.3d at 205-06. Accordingly, the instant independent action motion to vacate judgment is dismissed for lack of jurisdiction. Id.

The court now turns to defendant's First Step Act motions. On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3, 2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants who committed their offenses before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was

4

committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits. Id.

Here, defendant is eligible for relief where conspiracy to possess with intent to distribute and distribution of cocaine base, and the substantive counts charging distribution of cocaine base, are covered offenses under the First Step Act. See First Step Act § 404(a); United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019).[1] The court thus turns to whether it should exercise its discretion to reduce defendant's sentence.

The First Step Act does not alter the Guidelines range applicable when the court reduced defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) on August 16, 2016. (See PSR Modification (DE 679)).[2] Defendant requests a downward variance from the Guidelines range pursuant to 18 U.S.C. § 3553(a), primarily based on his post-sentencing conduct.

---

[1]    The government does not contest that defendant is eligible for a sentence reduction under the First Step Act. (See Resp. (DE 678) at 5).

[2]    The Guidelines range, 360 months to life imprisonment, is driven by defendant's conviction for continuing criminal enterprise in violation of 21 U.S.C. § 848(a). That statute provides for enhanced penalties when the drug conspiracy involved five or more other persons and the defendant "occupies a position of organizer, a supervisory position, or any other position of management and from which such person obtains substantial income or resources." See 21 U.S.C. § 848(a), (c) (1994). The Guidelines set the base offense level for this offense at the greater of 38 or "4 plus the offense level from § 2D1.1 applicable to the underlying offense." U.S.S.G. § 2D1.5. Because the instant offense conduct involved distribution of 81 kilograms of converted drug weight, § 2D1.5 requires a base offense level of 40 under the current Guidelines. See U.S.S.G. §§ 2D1.5; 2D1.1(c); (PSR Modification (DE 679)). Defendant received a two-level enhancement for obstruction of justice, and no reduction for acceptance of responsibility,

5

The court begins with defendant's offense conduct, which was egregious. He distributed over 81 kilograms of cocaine or cocaine base in this district, possessed firearms during the offense conduct, engaged in witness intimidation (by threatening to kill a co-conspirator if he testified against him), and recruited juveniles to participate in the conspiracy. (PSR ¶¶ 5-6). There is no evidence, however, that defendant committed any overt violence during the offense. (See id.). Defendant is in criminal history category I, based on one prior conviction for possession and delivery of a controlled substance. (Id. ¶¶ 12-13). As noted above, under the current Guidelines defendant faces a range of 360 months to life imprisonment, and a consecutive term of 60 months, based on this offense conduct. And he is serving a sentence at the low end of that range.

The court also considers defendant's post-sentencing conduct. Defendant originally received a life sentence, entering Federal Bureau of Prisons ("FBOP") custody at age 32. (Mot. (DE 662) at 4). Over the course of the past 26 years, and despite his life sentence, defendant has earned his GED, completed educational and vocational training courses, and maintained consistent employment with UNICOR, an FBOP employment program. (Mot. Exs. 1-3 (DE 662-1, -2, -3)). Defendant's UNICOR employment record is particularly impressive: he has worked in the program for 20 years, and his most recent progress report states that he "receives good work performance ratings and has picked up on daily tasks quickly, he does not hesitate to train and learn as much as he can so that he can attain and utilize the knowledge that he will be able to use in the outside workforce." (Mot. Ex. 2 (DE 662-2) at 1). One of defendant's UNICOR

---

producing a total offense level 42. (PSR ¶¶ 29, 34; PSR Modification (DE 679)). At criminal history category I, defendant's Guidelines range remains 360 months to life imprisonment using U.S.S.G. § 2D1.5. (See PSR Modification (DE 679)). Defendant argues the court should consider the Guidelines range without the continuing criminal enterprise conviction because that offense is not charged with the same frequency that it was in the 1990s. The court declines to engage in this speculative exercise for purposes of recalculating the Guidelines range or considering a downward variance. The court also will not revisit the drug quantity found at sentencing for purposes of recalculating the Guidelines range in the absence of substantial evidence suggesting same is unreliable.

supervisors writes that defendant is a "very successful machine operator which requires a lot of responsibility, skills, and attention to detail" and that he presents as "professional, well mannered, and respectful toward staff as well as other inmates." (Mot. Ex. 3 (DE 662-3) at 4).

Several additional FBOP officials wrote character references in support of defendant's release. Defendant's counselor, as 27-year veteran of the FBOP who "rarely" writes references for inmates, described defendant as a "model inmate and an individual that other younger inmates can look up to and approach for advice" and opines defendant "has acquired the skills and rehabilitation to re-enter into society and become a productive and law abiding citizen." (Mot. Ex. 2 (DE 662-2) at 1; Mot. Ex. 3 (DE 662-3) at 3). An FBOP chaplain reports that over the past three years defendant has been a faithful participant in religious programming and that he "shows others equal dignity and loyalty, in a place with people of very different backgrounds." (Mot. Ex. 3 (DE 662-3) at 5). Another FBOP counselor writes that defendant has demonstrated "determination to turn his life around" and that he "takes great pride in" submitting the character reference on defendant's behalf. (Id. at 6). All four FBOP officials support defendant's early release from his sentence. (See id. at 3-6). Finally, defendant's last disciplinary infraction was in 2006, over 14 years ago. (PSR Modification (DE 679)).

Defendant engaged in many of the rehabilitation efforts described above while facing life imprisonment and unable to earn sentencing credits reducing his term of imprisonment. (See id.; Mot. Exs. 1-3 (DE 662-1, -2, -3)). He also reformed his initial problematic behavior in custody and has committed no disciplinary infractions since 2007 despite the life sentence. (PSR Modification (DE 679)). These facts show that defendant is intrinsically committed to rehabilitation. See United States v. Martin, 916 F.3d 389, 397 (4th Cir. 2019) (commenting that defendant's "journey toward rehabilitation is especially noteworthy because she was given a life

sentence and had no idea that [changes in sentencing law governing cocaine base] would eventually arrive to give her a glimmer of hope").

With good time credit, defendant has served the equivalent of approximately 367 months' imprisonment, (see Mot. Ex. 1 (DE 662-1)),[3] and thus his release would result in a downward variance of approximately 53 months' imprisonment. In light of the exemplary post-sentencing conduct discussed above, the lengthy period of defendant's original sentence, his minimal criminal history with no instances of overt violence, and considering FBOP officials' support of defendant's release, the court finds a sentence of time served is sufficient, but not greater than necessary, to accomplish the goals of sentencing. Because the court is reducing the sentence to time served, defendant's contemporaneously filed motion for compassionate release will be denied as moot.

## CONCLUSION

Based on the foregoing, defendant's motions for reduction of sentence pursuant to the First Step Act (DE 626, 631, 651, 662) are GRANTED. Defendant's independent action motion (DE 645) is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, and his motion for compassionate release (DE 659) is DENIED AS MOOT.

Defendant's previously imposed sentence of 360 months' imprisonment on counts 1, 2, 7, 21, 28, 32 through 35, and 38 through 41, and 60 months' imprisonment, consecutive, on count 3, is reduced to time served. Defendant's term of supervised release is reduced to four years on counts 1, 7, 32 through 35, and 38 through 41, and a concurrent term of three years' supervised release on counts 21 and 28; all such terms to run concurrent with the previously-imposed sentence

---

[3]     The sentence computation at docket entry 662-1 indicates that defendant had served 363 months (with good time credit) when defendant filed the instant motion on September 18, 2020. (See DE 662-1 at 4 (providing that as of September 2020 defendant had served 319 months and earned approximately 44 months (1,317 days) of good conduct time)). The court added four months to account for the period of time in which the motion was pending.

of five years' supervised release on count 2 and three years' supervised release on count 3. Except as expressly modified herein and by the court's August 16, 2016, order, all provisions of the judgment of conviction dated December 8, 1994, remain in effect. Defendant's release from custody is stayed for a period of 14 days for administrative purposes of releasing the defendant. The government may apply for additional delay in defendant's release in the event further quarantine is necessary to protect the public from the communicable disease known as COVID-19.

      SO ORDERED, this the 28th day of January, 2021.

                                      LOUISE W. FLANAGAN
                                      United States District Judge